

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00711-CV

**IN RE A.G.B.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-02272
Honorable Rosie Alvarado, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
     Irene Rios, Justice
     Beth Watkins, Justice

Delivered and Filed: January 22, 2020

REVERSED AND RENDERED

C.D.B. appeals the trial court's order terminating his parental rights to A.G.B.  In his first issue, C.D.B. asserts the evidence is legally and factually insufficient to support the trial court's findings on the statutory predicate grounds for termination.[1]  Because we hold this issue is dispositive of the appeal, we do not address the other issues C.D.B. raises on appeal.  *See* TEX. R. APP. P. 47.1.  We reverse the trial court's order and render judgment denying K.Y.B.'s petition to terminate the parent-child relationship between C.D.B. and A.G.B.

---

[1] Appellee contends C.D.B. did not preserve his factual sufficiency complaint because he did not file a motion for new trial.  The case appellee cites to support this contention, however, involved a jury trial.  *See In re A.M.*, 385 S.W.3d 74, 77-78 (Tex. App.—Waco 2012, pet. denied); *see also In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) ("Texas Rule of Civil Procedure 324 requires a motion for new trial to preserve '[a] complaint of factual sufficiency of the evidence to support a jury finding.'").  A motion for new trial is not required to preserve a factual sufficiency complaint following a bench trial.  *See* TEX. R. CIV. P. 324; *In re E.G.*, No. 03-05-00853-CV, 2008 WL 5210889, at *2 (Tex. App.—Austin Dec. 10, 2008, no pet.) (mem. op.).

**PROCEDURAL BACKGROUND**

C.D.B. and K.Y.B. are the parents of A.G.B., who was born in April of 2014. C.D.B. and K.Y.B. were divorced in October of 2015 and were granted joint managing conservatorship of A.G.B. in the divorce decree. In August of 2018, C.D.B. filed a motion to enforce his possession and access under the decree. On October 3, 2018, K.Y.B. filed a Petition to Modify the Parent-Child Relationship, In the Alternative, Petition to Terminate the Parent-Child Relationship which sought to modify the decree or terminate C.D.B.'s parental rights. A bench trial was held on K.Y.B.'s petition on June 26, 2019, and July 18, 2019. At the conclusion of the bench trial, the trial court took the case under advisement. On October 8, 2019, the trial court signed an order terminating C.D.B.'s parental rights.

**BURDEN OF PROOF AND STANDARD OF REVIEW**

To terminate parental rights pursuant to Section 161.001 of the Texas Family Code, K.Y.B. had the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found clear and convincing evidence that C.Y.B. "committed one or more acts in Texas Family Code 161.001(b)(L)(U)" and that termination was in A.G.B.'s best interest. We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002).

**DISCUSSION**

Under Section 161.001(b)(1)(L), K.Y.B. had to prove by clear and convincing evidence that C.D.B. was convicted or placed on community supervision "for being criminally responsible for the death or serious injury of a child" under various sections of the Texas Penal Code or the

law of another jurisdiction that contains elements that are substantially similar to the elements of an offense under the Texas Penal Code sections. TEX. FAM. CODE ANN. § 161.001(b)(1)(L). Under Section 161.001(b)(1)(U), K.Y.B. had to prove by clear and convincing evidence that C.D.B. was "placed on community supervision, including deferred adjudication community supervision, or another functionally equivalent form of community supervision or probation, for being criminally responsible for the sexual assault of the other parent of the child under Section 22.011 or 22.021, Penal Code, or under a law of another state, federal law, or the Uniform Code of Military Justice that contains elements that are substantially similar to the elements of offenses under Section 22.011 or 22.021, Penal Code."

The evidence at trial established C.D.B. was convicted and sentenced to ten years' confinement by the United States Air Force Trial Judiciary for "one specification of sexual assault", "two specifications of communicating a threat", and "one specification of making a worthless check by dishonorably failing to maintain sufficient funds." The United States Air Force Court of Criminal Appeals set aside one of the convictions for communicating a threat and reassessed C.D.B.'s sentence to confinement for eight years and six months.

The opinion of the United States Air Force Court of Criminal Appeals, which was admitted into evidence, recites the following facts that court relied on to hold the evidence was legally and factually sufficient to support the sexual assault conviction. K.Y.B. was advised she could resume sexual activity at a post-partem checkup in early June of 2014. Later that evening, K.Y.B. consented to engaging in sexual activity with C.D.B.; however, she told C.D.B. to stop when she felt pain. C.D.B. did not stop but continued despite K.Y.B.'s clear communication to him that she was no longer consenting. During the trial of the underlying cause, K.Y.B. testified to similar facts.

This was the only conviction for which evidence was presented. No evidence was admitted establishing K.Y.B. was a child when the sexual assault occurred. *See* TEX. PENAL CODE ANN. § 22.011(c)(1) (defining "child" to mean "a person younger than 17 years of age"). Accordingly, the evidence is legally insufficient to support a finding that C.D.B. was convicted for being criminally responsible for the death or serious injury of a child.

In addition, the evidence clearly established C.D.B. was sentenced to confinement for the sexual assault, not placed on community supervision. Although a parent's rights can be terminated under Section 161.001(b)(1)(T)(iv) if the evidence establishes the parent has been convicted of the sexual assault of the other parent, the trial court's order did not terminate C.D.B.'s rights on that statutory ground. Accordingly, the evidence is legally insufficient to support the trial court's finding that C.D.B. "committed one or more acts in Texas Family Code 161.001(b)(L)(U)."

## CONCLUSION

The trial court's order is reversed, and judgment is rendered denying K.Y.B.'s petition to terminate the parent-child relationship between C.D.B. and A.G.B.

Sandee Bryan Marion, Chief Justice